# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| In re:<br><br>**PROVIZOR FEDERAL, INC.,**<br><br>Debtor. | **Chapter 11**<br><br>Case No. 24-11528 |

**ORDER (I) AUTHORIZING THE DEBTOR TO PAY PREPETITION WAGES, AND COMPENSATION, (II) AUTHORIZING THE CONTINUATION OF EMPLOYEE BENEFIT PROGRAMS, (III) AUTHORIZING BANKS TO HONOR AND PROCESS CHECKS AND TRANSFERS RELATED TO SUCH EMPLOYEE OBLIGATIONS, AND (IV) GRANTING RELATED RELEIF**

After notice and hearing on the motion (the "Motion")[1] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order (this "Order") (I) authorizing the Debtor to pay prepetition wages and other compensation, taxes and withholdings, and reimbursable employee expenses, (II) authorizing the Debtor to honor and continue benefit programs for employees, (III) authorizing the Banks to receive, process, honor, and pay all checks issued and electronic-payment requests made related to such employee obligations, and (IV) granting related relief, all as further described in the Motion; and upon consideration of the First Day Declaration;

---

[1] Capitalized terms used but not otherwise defined have the meanings given to them in the Motion.

and this Court having found that (i) this Court has jurisdiction to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334, (ii) this Court may enter a final order consistent with Article III of the United States Constitution, (iii) this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (iv) venue of this proceeding and the Motion in this Court is proper under 28 U.S.C. §§ 1408 and 1409, and (v) the Debtor's notice of the Motion and opportunity for a hearing were adequate and appropriate under the circumstances and no other or further notice need be provided; and this Court having reviewed the Motion and having determined that the legal and factual bases set forth in the Motion and the First Day Declaration establish just cause for the relief granted herein; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor's estates, its creditors, and other parties in interest; and after due deliberation thereon and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on a final basis as set for in this Order.

2. The Debtor is authorized, but not directed, to pay and/or honor, in its sole discretion, the Prepetition Employee Obligations, including the Unpaid Wages and any processing costs related to the foregoing that have accrued and remain unpaid (including those amounts that remain unpaid as a result of dishonoring of checks due to the filing of this Chapter 11 Case) as of the Petition Date to or for the benefit of its Employees, subject to the limitations set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code.

3. The Debtor is authorized, but not directed, in its sole discretion, to honor and continue its Employee Incentive Program, Employee Benefit Programs, and policies, plans, practices and procedures, in the ordinary course in accordance with prepetition practices, that were in effect as of the Petition Date and to pay any prepetition amounts associated with the Employee

Incentive Program and Employee Benefit Programs, including the 401(k) Plan; *provided, however*, that such relief shall not constitute or be deemed an assumption or an authorization to assume any of such Employee Benefit Programs under section 365(a) of the Bankruptcy Code.

4. Notwithstanding anything to the contrary herein, the Debtor retains the ability to modify or discontinue any Employee Benefit Programs in its discretion.

5. All withholding taxes and obligations are hereby authorized to be paid by the Debtor in the ordinary course of the Debtor's business.

6. Notwithstanding anything to the contrary contained herein, any payment made or to be made under this Order, any authorization contained in this Order, or any claim for which payment is authorized hereunder, shall be subject to the requirements imposed on the Debtor under any orders of this Court approving any debtor-in-possession financing for, or any use of cash collateral by, the Debtor and any budget in connection therewith.

7. The Banks are directed to honor all checks, drafts, or payment requests (provided that such funds are on deposit to cover such checks) without regard to the date of issue of such checks, drafts or payment requests in the same manner that such checks, drafts, and payment requests were honored during the prepetition period, including electronic payment requests made by the Debtor related to employee obligations and benefits.

8. In accordance with this Order, the Banks are authorized to (a) receive, process, honor, and pay all checks presented for payment and to honor all fund transfer requests made by the Debtor related to the Prepetition Employee Obligations, to the extent that sufficient funds are on deposit in those accounts and (b) accept and rely on all representations made by the Debtor with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of the Court, whether such checks, drafts,

wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

9. The Debtor is authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, on account of prepetition obligations and claims as set forth herein, and to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Chapter 11 Case. To the extent any Employee has suffered any actual monetary penalty or charge due to the inadvertent dishonor of any check of the Debtor on account of any Prepetition Employee Obligations, the Debtor shall be authorized, but not directed, to reimburse the Employee for such amount without further order of this Court.

10. Nothing contained in the Motion or this Order is intended or shall be construed as (a) an admission as to the validity of any claim against the Debtor; (b) a waiver of the Debtor or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtor; (c) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (d) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtor and any third party under section 365 of the Bankruptcy Code. Any payment made pursuant to this Order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of any of the Debtor's rights to dispute such claim.

11. Notwithstanding entry of this Order, nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

12. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

13. The requirements of Bankruptcy Rule 6003(b) are satisfied.

14. The requirements of Bankruptcy Rule 6004(a) are waived.

15. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and provisions of this Order shall be immediately effective and enforceable upon its entry.

16. The Debtor is hereby authorized to take all actions necessary to effectuate the relief granted in this Order.

17. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

**End of Order.**