**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **PROVIZOR FEDERAL, INC.,** | **Case No. 24-11528-DER** |
| **Debtor.** | **Related Docket No. 59** |

**KORE CAPITAL CORPORATION'S OPPOSITION TO
LOYAL SOURCE GOVERNMENT SERVICES, LLC'S MOTION FOR
<u>RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(D)</u>**

KORE Capital Corporation ("KORE") opposes the motion for relief from the automatic stay pursuant to 11 U.S.C. § 362(d) filed by Loyal Source Government Services, LLC ("Loyal Source") (ECF No. 59) (the "Motion"). In addition, KORE incorporates and adopts the arguments in the opposition to be filed by Debtor Provizor Federal, Inc.'s ("Provizor").

<u>INTRODUCTION</u>

KORE is the prepetition and postpetition lender to Provizor, which filed a voluntary petition for bankruptcy under Chapter 11 on February 26, 2024. The filing of the bankruptcy petition automatically stayed pending litigation between Loyal Source and Provizor, in which KORE had sought to intervene, regarding an arbitration award confirmed by the United States District Court for the District of Maryland ("District Court") that included a monetary award in favor of Loyal Source and against Provizor as well as the imposition of a constructive trust for the benefit of Loyal Source.

On March 4, 2024, KORE and Loyal Source filed separate statements in the District Court Case regarding what matters they believed should be adjudicated despite the automatic bankruptcy stay. *See Loyal Source Gov't Servs., LLC v. OMV Med. Inc. n/k/a Provizor Fed., Inc.*, Case No.

1:23-cv-02889-SAG (the "District Court Case"), ECF Nos. 107 & 108.  In its statement, Loyal Source requested that the District Court continue to stay all pending deadlines and matters until after this Court's March 12, 2024 hearing and then determine which issues can be litigated outside the bankruptcy process to the extent that this Court granted relief from the automatic stay or recognized the constructive trust was excluded from the bankruptcy estate.  *Id.*, ECF No. 107 at 2. In addition, Loyal Source stated that it would not be clear until this Court's March 12, 2024 hearing whether and to what extent the constructive trust imposed by the District Court would be within or outside of the bankruptcy estate and whether this Court could grant relief from the automatic stay.  *Id.* at 1.  On March 5, 2024, the District Court stayed all pending deadlines and matters in the District Court Case and ordered the parties to provide a status report by March 19, 2024.  *Id.*, ECF No. 113.[1]

In its Motion, Loyal Source has asked this Court for a determination that Loyal Source is entitled to relief from the automatic stay.  Nothing warrants this requested relief and, to the contrary, the issue should be addressed by this Court in the adversary proceeding filed on April 5, 2024, *Kore Capital Corp., et al. v. Loyal Source Gov't Servs., LLC*, Adversary No. 24-00082.  The automatic stay of 11 U.S.C. § 362 is a critical protection afforded by the Bankruptcy Code to debtors, and Loyal Source has the burden of demonstrating that cause exists to warrant the lifting of the automatic stay.  Here, Loyal Source has failed to meet this burden.  The relief requested by Loyal Source in its Motion is not in the best interests of the debtor (Provizor), its estate, and its

---

[1] In its statement filed March 19, 2024, Loyal Source noted that it had filed this Motion and requested continuance of the stay of the District Court Case until either a resolution of the appeal filed with the District Court regarding the Second Interim Order entered by this Court on March 13, 2024 or this Court granted this Motion.  *Id.*, ECF No.116.  On April 2, 2024, the District Court denied Loyal Source's request for leave to appeal this Court's Second Interim Order.  *See Loyal Source Gov't Servs., LLC v. Provizor Fed., Inc.*, Case No. 1:24-cv-00813-SAG, ECF No. 29.

creditors (KORE and Loyal Source).  For the reasons stated herein, the Motion should be denied and the automatic stay should remain in effect with respect to the District Court Case.

STANDARD

Pursuant to § 362(d)(1), a party in interest may seek to have the automatic stay lifted "for cause."  *See* 11 U.S.C. § 362(d)(1).  "Because the Code provides no definition of what constitutes 'cause,' courts must determine when discretionary relief is appropriate on a case-by-case basis." *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992).  Courts repeatedly have emphasized that "a bankruptcy court should deny relief from the stay if the movant fails to make an initial showing of cause."  *In re Boodrow*, 126 F.3d 43, 48 (.  "[S]ome evidence of cause must be produced by the moving party if the prima facie case requirement is to be satisfied."  *In re Planned Sys., Inc.*, 78 B.R. 852, 860 (Bankr. S.D. Ohio 1987).

ANSWERS PURSUANT TO LOCAL RULE 4001-1(D)

**I.      Jurisdiction**

    1.      KORE admits the allegations of paragraph 1.

    2.      KORE admits the allegations of paragraph 2.

    3.      KORE admits the allegations of paragraph 3.

**II.     Parties**

    4.      KORE admits the allegations of paragraph 4.

    5.      KORE lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 5.

**III.    Relevant Factual Background**

    1.      KORE admits the allegations of paragraph 1.

    2.      KORE admits the allegations of paragraph 2.

3. KORE lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 3.

4. KORE lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 4.

5. KORE lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 5.

6. KORE lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 6.

7. KORE lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 7.

8. KORE lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 8.

9. KORE lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 9.

10. KORE lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 10.

11. KORE lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 11.

12. KORE lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 12.

13. KORE lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 13.

49673\150192\10796657.v2-4/5/24

14.   KORE lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 14.

15.   KORE lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 15.

16.   KORE lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 16.

17.   KORE lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 17.

18.   KORE lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 18.

19.   KORE lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19.

20.   KORE lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 20.

21.   KORE admits the allegations of paragraph 21.

22.   KORE admits the allegations of paragraph 22.

23.   KORE admits that it received a correspondence with a copy of the District Court Order, the Interim Award, and the Second Award, but lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 23.

24.   KORE admits that it received a letter from Loyal Source, but denies the remaining allegations of paragraph 24.

25.   KORE admits the allegations of paragraph 25.

5

26.     KORE lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 26.

27.     KORE lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 27.

28.     KORE lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 28.

29.     KORE lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 29.

30.     KORE lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 30.

31.     KORE admits that several matters are pending in the District Court case.

32.     KORE admits the allegations of paragraph 32.

33.     KORE admits the allegations of paragraph 33.

34.     KORE denies the allegations of paragraph 34.

35.     KORE admits the allegations of paragraph 35 and the docket entries speak for themselves.

36.     KORE need not respond to the remaining allegations contained in paragraphs 36 to 51 to the extent they state legal conclusions for which no response is necessary or required, and to the extent a response is necessary and required, KORE denies the allegations contained in paragraphs 36 to 51.

<u>AFFIRMATIVE DEFENSES</u>

1.     The Motion fails to state a claim upon which relief can be granted; accordingly, the relief requested in the Motion should be denied.

6

2.      Loyal Source is adequately protected through the Second Interim Order.

3.      The property is necessary for an effective reorganization.

4.      Loyal Source's claims are barred by the doctrine of estoppel.

5.      KORE reserves its right to supplement its affirmative defenses.

## ARGUMENT

Loyal Source is not entitled to proceed with the requested aspects of the pending litigation in the United States District Court for the District of Maryland, *Loyal Source Gov't Servs., LLC v. OMV Med. Inc. n/k/a Provizor Fed., Inc.*, Case No. 1:23-cv-02889-SAG (the "District Court Case"). Because Loyal Source failed to show sufficient cause for relief from the automatic stay, the claims asserted by Loyal Source can best be determined as part of an adversary proceeding, and Provizor and the bankruptcy estate are implicated by the adjudication of Loyal Source's Motion, the Motion should be denied.

**I.      Loyal Source Failed To Show Sufficient Cause For Relief From The Automatic Stay To Be Granted.**

Motions from relief from stay are considered on a case-by-case basis, balancing the potential prejudice to the bankrupt debtor's estate against the hardships that will be incurred by the persons seeking relief from the automatic stay if relief is denied. *In re Robbins*, 964 F.2d at 345. In this case, the prejudice to Provizor (and the harm that flows to KORE and Loyal Source) far outweighs any hardship claimed by Loyal Source in its Motion. Loyal Source claims that it must obtain relief from the automatic stay to address issues in the District Court Case to protect its rights to the funds of Provizor in which KORE claims a superior interest. Motion at 10. Contrary to Loyal Source's argument that it did not receive adequate protection of its interest in property from this Court, the Bankruptcy Court, in the Second Interim Order, provided sufficient protection to Loyal Source to ensure that Loyal Source will not be irreparably harmed, including requiring

7

Provizor to maintain over $400,000.00 in an escrow account and to make weekly deposits of $50,000.00 into the escrow account, and granting to Loyal Source a subordinate lien on all of Provizor's assets. *See* ECF No. 68. Loyal Source offers no evidence to show that this protection is insufficient or to support its grounds for cause for lifting the automatic stay.

In addition, lifting the automatic stay to adjudicate the issues presented by Loyal Source in the District Court Case would certainly affect Provizor and the creditors of Provizor's estate, including Loyal Source and KORE. A determination in the District Court Case would affect the estate and property of the estate with respect to certain assets of Provizor because the use of the current assets of the bankruptcy estate are necessary for Provizor's effective reorganization, including serving as collateral for the postpetition financing, without which Provizor will be put out of business. KORE expects that the Bankruptcy Court will consider the issue presented by Loyal Source regarding validity, priority, and extent of the interest in property of Loyal Source and KORE in the adversary proceeding and lifting the automatic stay at this junction would be harmful to Provizor's efforts to continue its operations and reorganize.

Moreover, with regard to judicial economy, unlike the case cited by Loyal Source, *In re Robbins*, 964 F.2d 342 (4th Cir. 1992), this case does not involve a long history spanning multiple years. Motion at 13–14. Instead, the District Court Case spanned approximately four and a half months from October 24, 2023 until the case was stayed on March 5, 2024, while the Bankruptcy case has already included two hearings during a little more than a month. The Bankruptcy Court is familiar with the issues raised in this case as well as in the District Court Case and there would be no extensive resources expended by this Court in order to consider the issues raised by Loyal Source. For these reasons, Loyal Source has failed to show cause that it is entitled to relief from the automatic stay and the Motion should be denied.

8

**II.      The Claims Asserted By Loyal Source Can Best Be Determined As Part Of An Adversary Proceeding In This Court.**

Provizor and KORE filed an adversary proceeding in this Court on April 5, 2024, which is the correct way to adjudicate the dispute regarding the status, validity, priority, and extent of creditors' interest in property of the bankruptcy estate.  Such a determination falls within the core jurisdiction of this Court and should be decided in the adversary proceeding filed in this Court, not by the District Court.  The underlying issue relates to bankruptcy law, not merely state law as argued by Loyal Source.  Motion at 12–13.

Here, the prepetition escrowed funds are on deposit in an account in the name of Provizor.  Thus, such funds are in the possession of the estate, and both Loyal Source and KORE assert claims to the funds.  The dispute between Loyal Source and KORE raises issues of priority and ownership, which falls particularly within the province of this Court.  28 U.S.C. § 157(b)(2)(K).

The Sixth Circuit Court of Appeals confronted automatic stay issues in *In re National Century Financial Enterprises, Inc.*, 423 F.3d 567 (6th Cir. 2005).  There, the Sixth Circuit held that "[t]he district court properly concluded that in the Louisiana action, Amedisys used a constructive trust theory to 'assert [ ] dominion over money in the Debtor's accounts.'" *Id.* at 575.  Here, Loyal Source is similarly using a constructive trust to assert dominion over money in Provizor's account.  Of particular note, the Sixth Circuit rejected Amedisys' claim that its constructive trust claim concerned only its pre-bankruptcy ownership of the disputed accounts receivable, and that this issue was entirely independent of whether post-petition funds formed part of the bankruptcy estate.  *Id.* at 575–76.  "This argument is meritless, because the issues are not independent.  Whatever determination is made in the Louisiana action concerning the pre-bankruptcy ownership of the accounts receivable will necessarily be relevant to post-bankruptcy ownership as well." *Id.* at 576.

49673\150192\10796657.v2-4/5/24

The Sixth Circuit affirmed the automatic stay of the Louisiana action by reason of the bankruptcy filing of the owner of the accounts receivable and the same result must occur here. *See id.* at 576; *see also Capitaliza-T Sociedad De Responsabilidad Limitada De Cap. Variable v. Wachovia Bank of Del. Nat. Ass'n*, No. CIV. 10-520 JBS/KMW, 2011 WL 6650329, at *10 (D. Del. Dec. 21, 2011), *rev'd in part on reconsideration*, No. CIV.A. 10-520-RGA, 2012 WL 3150386 (D. Del. Aug. 2, 2012) (determining that where the debtor was "the real party in interest and a determination in this action against Defendants [regarding whether property belonged to the debtor's estate or to the plaintiff] would have an adverse impact on the property in [the debtor]'s estate," the action was subject to automatic stay).  Similarly, this Court should not lift the automatic stay in this case.

**III.    Provizor And The Bankruptcy Estate Are Implicated By The Adjudication Of Loyal Source's Motion.**

As discussed *supra*, Loyal Source is wrong that the constructive trust does not involve the property of the bankruptcy estate and will not affect other creditors of Provizor.  Motion at 13–14. Instead, lifting the automatic stay to adjudicate the issues presented by Loyal Source in the District Court Case would certainly affect Provizor, the bankruptcy estate, and Provizor's creditors. Specifically, the requested determination by the District Court would affect the estate and property of the estate with respect to certain assets of Provizor because the use of these assets of the bankruptcy estate is necessary for Provizor's effective reorganization, including serving as collateral for the postpetition financing.

CONCLUSION

For the reasons stated above, this Court should deny Loyal Source's Motion and deny all relief requested by Loyal Source.

[SIGNATURES ON NEXT PAGE]

49673\150192\10796657.v2-4/5/24

Dated: April 5, 2024

*/s/ David S. Musgrave*
David S. Musgrave [Bar No. 0166]
Lauren E. Lake [Bar No. 20488]
GORDON FEINBLATT LLC
1001 Fleet Street, Suite 700
Baltimore, Maryland  21202
Phone/Fax: (410) 576-4194
Phone/Fax: (410) 576-4004
E-mail:  dmusgrave@gfrlaw.com
E-mail:  llake@gfrlaw.com

*Attorneys for KORE Capital Corporation*

## CERTIFICATE OF SERVICE

I certify that on this 5th day of April, 2024, copies of the foregoing were served via this Court's electronic filing service on all counsel of record.

/s/ *David S. Musgrave*
David S. Musgrave

11

49673\150192\10796657.v2-4/5/24

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

|  |  |
|---|---|
| **In re:** | **Chapter 11** |
| **PROVIZOR FEDERAL, INC.,** | **Case No. 24-11528-DER** |
| **Debtor.** | **Related Docket No. 59** |

**ORDER DENYING EMERGENCY MOTION FOR**
**RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(D)**

Upon consideration of the Motion for Relief From the Automatic Stay Pursuant to 11 U.S.C. § 362(d) filed by Loyal Source Government Services, LLC (the "Motion"), the oppositions filed by Provizor Federal, Inc. and KORE Capital Corporation, and any other response thereto, and the Court having held a hearing on the Motion on May 15, 2024, it is by the United States Bankruptcy Court for the District of Maryland;

ORDERED, that the Motion is DENIED.

Date: _____      _____

David E. Rice
United States Bankruptcy Judge

49673\150192\10796657.v2-4/5/24