**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

| | | |
|---|---|---|
| **In re:** | * | |
| | | **Case No.: 24−11528-DER** |
| **PROVIZOR FEDERAL, INC.,** | * | |
| | | **Chapter 7** |
| **Debtor.** | * | |

\* \* \* \* \* \* \*   \* \* \* \* \* \*

| | | |
|---|---|---|
| **MORGAN W. FISHER,** | | |
| **CHAPTER 7 TRUSTEE** | * | |
| **18 West Street** | | |
| **Annapolis, MD 21401** | * | |
| | | |
| **Plaintiff,** | * | **Adv. Proc. No.: _____-DER** |
| | | |
| **v.** | * | |
| | | |
| **LCMH, LLC, n/k/a ARDOR** | * | |
| **GROUP HOLDINGS, LLC** | | |
| **6100 Day Long Lane, Suite 100** | * | |
| **Clarksville, MD 21029** | | |
| | * | |
| **SERVE ON:** | | |
| ARDOR GROUP HOLDINGS, LLC | * | |
| c/o Anderson Registered Agents | | |
| 1716 Capitol Ave, Suite 100 | * | |
| Cheyenne, WY 82001 | | |
| | * | |
| **LC EIGHT CONSULTING** | | |
| **GROUP, LLC t/a LC EIGHT, LLC** | * | |
| **1201 Seven Locks Road** | | |
| **Suite 360 - #52** | * | |
| **Rockville, MD 20854** | | |
| | * | |
| **SERVE ON:** | | |
| LC EIGHT, LLC | * | |
| c/o Anderson Registered Agents | | |
| 1716 Capitol Ave, Suite 100 | * | |
| Cheyenne, WY 82001 | | |

**G. COREY FAUSTIN**                    *
**13801 Russell Zepp Dr.**
**Clarksville, MD 21029**               *

                                   *

      **Defendants.**
\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

### TRUSTEE'S COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT CONVEYANCES AND PREFERENCES (SECTIONS 544, 547, 548 AND 550)

Morgan W. Fisher, Chapter 7 Trustee (the "**Trustee**" or the "**Plaintiff**") for Provizor Federal, Inc. f/k/a OMV Medical, Inc. (the "**Debtor**") brings this Complaint against Defendants (i) LCMH, LLC, n/k/a Ardor Group Holdings, LLC, (ii) LC Eight Consulting Group, LLC, t/a LC Eight, LLC or LC Eight and (iii) G. Corey Faustin ("**Mr. Faustin**") (collectively together, the "**Defendants**"), and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.　　Plaintiff, Morgan Fisher, Chapter 7 Trustee for Provizor Federal, Inc. f/k/a OMV Medical, Inc., is the duly appointed and acting Chapter 7 Trustee for the Debtor.

2.　　LCMH, LLC n/k/a Ardor Group Holdings, LLC ("**LCMH**") is a Wyoming limited liability company, with a principal place of business at 6100 Day Long Lane, Suite 100, Clarksville, MD 21029.  LCMH, upon information and belief, changed its name to Ardor Group Holdings, LLC.  Mr. Faustin is the sole owner and managing member of LCMH.  At all relevant times, LCMH was an insider of the Debtor pursuant to 11 U.S.C. § 101(31).

3.　　LC Eight Consulting Group, LLC t/a LC Eight, LLC or LC Eight ("**LC8**") is a Wyoming limited liability company with a principal place of business at 1201 Seven Locks Road, Suite 360 - #52, Rockville, MD 20854.  Mr. Faustin is the sole owner and managing member of LC8.  At all relevant times, LC8 was an insider of the Debtor pursuant to 11 U.S.C. § 101(31).

4.      Mr. Faustin is an individual and resident of the State of Maryland, residing at 13801 Russell Zepp Dr., Clarksville, Maryland 21029.  At all relevant times, Mr. Faustin was an insider of the Debtor pursuant to 11 U.S.C. § 101(31).

5.      This action is an adversary proceeding pursuant to and 11 U.S.C. §§ 544, 547, 548 and 550 and Fed. R. Bankr. P. 7001(1).

6.      This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) & (O).  Venue is proper in this district pursuant to 28 U.S.C. §1409.

7.      Included among the body of creditors of the Debtor are numerous creditors holding unsecured claims allowable under 11 U.S.C. §502 or disallowable only under 11 U.S.C. §502(e) and such creditors are authorized as a matter of law to advance the causes of action set forth in this Complaint. Plaintiff is accordingly expressly authorized by 11 U.S.C. §544(b)(1) to advance those causes of action by this Complaint.

8.      Plaintiff consents to final orders and judgments by the Bankruptcy Court.

## BACKGROUND AND THE TRANSFERS

9.      On February 26, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On May 16, 2024, the Court converted this case to a case under Chapter 7, and Morgan Fisher was thereafter appointed as Chapter 7 Trustee.

10.      The Debtor's bankruptcy filing was authorized by two of its directors: Lamar Barnes ("**Mr. Barnes**"), as Chairman, and Lonnie Chestnut, III ("**Mr. Chestnut**"), as Director and Corporate Secretary.

11.      OMV Holdings, LLC ("**OMV Holdings**"), a Maryland limited liability company, is 100% owner of all shares of the Debtor's stock.

12.     OMV Holdings, which was formed on or about April 17, 2021, is owned by: (i) Impel Capital, LLC ("**Impel Capital**"), a Maryland limited liability company, with a 72.5% interest as Common Member; and (ii) Defendant LCMH, with a 27.5% interest as Class A member. The Board of Managers of OMV Holdings was comprised of Mr. Barnes, Mr. Chestnut, Dexter Truckers and Mr. Faustin.  OMV Holdings acquired the Debtor on or about October 7, 2021.

13.     Within three (3) years of the Petition Date, the Debtor transferred the aggregate sum of $186,000.00 to LCMH for no consideration (collectively, the "**LCMH 3-Year Transfers**"). *See* List of Transfers, attached hereto as **Exhibit A**.

14.     Subsumed within the LCMH 3-Year Transfers are: (i)  transfers from the Debtor to LCMH totaling the aggregate sum of $108,000.00 (*i.e.*, six (6) payments of $18,000.00) for no consideration all made within one (1) year of the Petition Date (collectively, the "**LCMH 1-Year Transfers**"); and (ii) transfers from the Debtor to LCMH totaling the aggregate sum of $126,000.00 (*i.e.*, seven (7) payments of $18,000.00) for no consideration all made within two (2) years of the Petition Date (collectively, the "**LCMH 2-Year Transfers**").   The LCMH 1-Year Transfers and LCMH 2-Year Transfers were made purportedly to pay dividends, accounts payable, consulting fees and/or other sums that LCMH claimed were due from the Debtor or OMV Holdings or other subsidiaries thereof.  *See* List of Transfers, attached hereto as **Exhibit A**.

15.     Within two (2) years of the Petition Date, the Debtor transferred the aggregate sum of $237,922.00 to LC8 for no consideration (collectively, the "**LC8 Transfers**").  *See* List of Transfers, attached hereto as **Exhibit A**.

16.     Mr. Faustin was entity/person for whose benefit the LCMH 3-Year Transfers, LCMH 2-Year Transfers, LCMH 1-Year Transfers and LC8 Transfers were made.  Mr. Faustin was the ultimate recipient of the LCMH 3-Year Transfers, LCMH 2-Year Transfers, LCMH 1-Year Transfers and the LC8 Transfers, and was thus the immediate or mediate transferee of all

4

such transfers (collectively together, the "**Faustin Transfers**").  *See* <u>List of Transfers</u>, attached hereto as **<u>Exhibit A</u>**.

17.     For all relevant periods in this Complaint, the Debtor was insolvent.

<u>**COUNT I – AGAINST LCMH**</u>
**Avoidance and Recovery of the LCMH 2-Year Transfers as Actually Fraudulent Under 11 U.S.C. §§ 548 and 550 of the Bankruptcy Code**

18.     The allegations contained in paragraphs 1 through 17 are incorporated by reference as though fully set forth herein.

19.     The LCMH 2-Year Transfers were made within two (2) years of the Petition Date. LCMH is the initial transferee of the LCMH 2-Year Transfers.

20.     The LCMH 2-Year Transfers constituted interests in property of the Debtor.

21.     The LCMH 2-Year Transfers were made with the actual intent to hinder, delay, or defraud the Debtor's creditors.  Such intent can be inferred from, among other things, the traditional badges of fraud surrounding such transfers, namely they were made to an insider, they were made for no consideration, and they were made while the Debtor was insolvent.

22.     As a result of the LCMH 2-Year Transfers, the Debtor and its creditors have been harmed.

23.     The LCMH 2-Year Transfers were made to or for the benefit of LCMH.

24.     The LCMH 2-Year Transfers are avoidable as fraudulent transfers and recoverable pursuant to Sections 548(a)(1)(A) and 550 of the Bankruptcy Code.

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests the following relief:

A.     That the LCMH 2-Year Transfers be avoided and recovered in favor of the Trustee;

B.     That judgment be entered in favor of the Trustee, and against LCMH, in an amount of not less than $126,000.00, plus interest at the legal rate, together with any costs of this action;

C.      That LCMH be directed to pay to the Trustee the sum of $126,000.00, plus interest at the legal rate from the date of the transfers; and

D.      That the Trustee be granted such other and further relief as is just and equitable.

**COUNT II – AGAINST LCMH**
**Avoidance and Recovery of LCMH 2-Year Transfers as Constructively Fraudulent Under Sections 548 and 550 of the Bankruptcy Code**

25.      The allegations contained in paragraphs 1 through 17 are incorporated by reference as though fully set forth herein.

26.      The LCMH 2-Year Transfers were made within two (2) years of the Petition Date. LCMH is the initial transferee of the LCMH 2-Year Transfers.

27.      The LCMH 2-Year Transfers constituted transfers of interests in property of the Debtor.

28.      The Debtor did not receive reasonably equivalent value or fair consideration for the LCMH 2-Year Transfers.

29.      When the Debtor made the LCMH 2-Year Transfers, it was insolvent or became insolvent as a result of the transfers, was engaged in business or transactions or was about to engage in business or transactions for which its remaining property constituted unreasonably small capital; and/or intended to incur, or believed or reasonably should have believed that it would incur, debts that would be beyond its ability to pay such debts.

30.      The LCMH 2-Year Transfers were made by the Debtor to or for the benefit of LCMH.

31.      The LCMH 2-Year Transfers are avoidable as fraudulent transfers recoverable Sections 548(a)(1)(B) and 550 of the Bankruptcy Code.

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests the following relief:

6

A.      That the LCMH 2-Year Transfers be avoided and recovered in favor of the Trustee;

B.      That judgment be entered in favor of the Trustee, and against LCMH, in an amount of not less than $126,000.00, plus interest at the legal rate, together with any costs of this action;

C.      That LCMH be directed to pay to the Trustee the sum of $126,000.00, plus interest at the legal rate from the date of the transfers; and

D.      That the Trustee be granted such other and further relief as is just and equitable.

### COUNT III – AGAINST LCMH
**Avoidance and Recovery of LCMH 3-Year Transfers as Actually Fraudulent Under
11 U.S.C. §§ 544 and 550 of the Bankruptcy Code and Applicable State Law**

32.     The allegations contained in paragraphs 1 through 17 are incorporated by reference as though fully set forth herein.

33.     Pursuant to Section 544(b) of the Bankruptcy Code, the Trustee has the rights of an existing unsecured creditor. Section 544(b) permits the Trustee to assert claims and causes of action that such a creditor could assert under applicable state law.

34.     The LCMH 3-Year Transfers were made prior to the Petition Date.

35.     The LCMH 3-Year Transfers constituted transfers of an interest in property of the Debtor, which are avoidable under applicable law by a creditor holding an unsecured claim that is allowable against the Debtor under Section 502 of the Bankruptcy Code.

36.     The LCMH 3-Year Transfers were made with the actual intent to hinder, delay, or defraud the Debtor's creditors.  Such intent can be inferred from, among other things, the traditional badges of fraud surrounding the transfers, namely they were made to an insider, they were made for no consideration, and they were made while the Debtor was insolvent.

37.     As a result of the LCMH 3-Year Transfers, the Debtor and its creditors have been harmed.

38. A creditor of the Debtor exists that could avoid the LCMH 3-Year Transfers under applicable non-bankruptcy law.

39. The LCMH 3-Year Transfers are avoidable as fraudulent transfers and recoverable pursuant to Sections 544(b) and 550 of the Bankruptcy Code and applicable state law.

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests the following relief:

A. That the LCMH 3-Year Transfers be avoided;

B. That judgment be entered in favor of the Trustee, and against the LCMH, in an amount of not less than $186,000.00, plus interest at the legal rate, together with any costs of this action;

C. That LCMH be directed to pay to the Trustee the sum of $186,000.00, plus interest at the legal rate from the date of the transfers; and

D. That the Trustee be granted such other and further relief as is just and equitable.

### COUNT IV – AGAINST LCMH
**Avoidance and Recovery of the LCMH 3-Year Transfers as Constructively Fraudulent Under 11 U.S.C. §§ 544 and 550 of the Bankruptcy Code and Applicable State Law**

40. The allegations contained in paragraphs 1 through 17 are incorporated by reference as though fully set forth herein.

41. Pursuant to Section 544(b) of the Bankruptcy Code, the Trustee has the rights of an existing unsecured creditor. Section 544(b) permits the Trustee to assert claims and causes of action that such a creditor could assert under applicable state law.

42. The LCMH 3-Year Transfers were made prior to the Petition Date.  LCMH is the initial transferee of such transfers.

43. The LCMH 3-Year Transfers constituted transfers of interests in property of the Debtor, which are avoidable under applicable law by a creditor holding an unsecured claim that is allowable against the Debtor under Section 502 of the Bankruptcy Code.

44. The Debtor, by making the LCMH 3-Year Transfers, did not receive reasonably equivalent value, fair consideration or a fair equivalent in exchange for the transfers.

45. When the Debtor made the LCMH 3-Year Transfers, the Debtor was insolvent or became insolvent as a result of the transfers; was engaged in business or transactions or was about to engage in business or transactions for which its remaining property constituted unreasonably small capital; and/or intended to incur, or believed or reasonably should have believed that it would incur, debts that would be beyond its ability to pay such debts.

46. A creditor of the Debtor exists that could avoid the LCMH 3-Year Transfers under applicable non-bankruptcy law.

47. The LCMH 3-Year Transfers were made by the Debtor to or for the benefit of LCMH.

48. The LCMH 3-Year Transfers are avoidable as fraudulent transfers and recoverable pursuant to Sections 544(b) and 550 of the Bankruptcy Code and applicable state law.

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests the following relief:

A. That the LCMH 3-Year Transfers be avoided and in favor of the Trustee;

B. That judgment be entered in favor of the Trustee, and against LCMH, in an amount of not less than $186,000.00, plus interest at the legal rate, together with any costs of this action;

C. That LCMH be directed to pay to the Trustee the sum of $186,000.00, plus interest at the legal rate from the date of the transfers; and

D. That the Trustee be granted such other and further relief as is just and equitable.

9

**COUNT V – AGAINST LCMH**
**Avoidance and Recovery of LCMH 1-Year Transfers as Insider Preferences**
**11 U.S.C. §§ 547 and 550 of the Bankruptcy Code**
**(Alternative Relief)**

49.     The allegations contained in paragraphs 1 through 18 are incorporated by reference as though fully set forth herein.

50.     The LCMH 1-Year Transfers were transfers of interests in property of the Debtor.

51.     The LCMH 1-Year Transfers were made to or for the benefit of LCMH, an asserted creditor of the Debtor.

52.     The LCMH 1-Year Transfers were made for or on account of an antecedent debt owed by the Debtor to LCMH before the transfers were made, while the Debtor was insolvent.

53.     The LCMH 1-Year Transfers were made within one year before the Petition Date and LCMH was an insider.

54.     The LCMH 1-Year Transfers enabled or will enable LCMH to receive more than it would have received if this case were a case under chapter 7, the transfers were not made and LCMH received payment to the extent provided by the provisions of the Bankruptcy Code, Title 11 U.S.C. 101 §§ *et seq*.

55.     The LCMH 1-Year Transfers are avoidable and recoverable under Sections 547 and 550 of the Bankruptcy Code.

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests the following relief:

A.     That the LCMH 1-Year Transfers be avoided;

B.     That judgment be entered in favor of the Trustee, and against LCMH, in an amount of not less than $108,000.00, plus interest at the legal rate, together with any costs of this action;

C.     That LCMH be directed to pay to the Trustee the sum of $108,000.00, plus interest at the legal rate from the date of the transfers; and

D.      That the Trustee be granted such other and further relief as is just and equitable.

**COUNT VI – AGAINST LC8**
**Avoidance and Recovery of the LC8 Transfers as Actually Fraudulent Under**
**11 U.S.C. §§ 548 and 550 of the Bankruptcy Code**

56.     The allegations contained in paragraphs 1 through 17 are incorporated by reference as though fully set forth herein.

57.     The LC8 Transfers were made within two (2) years of the Petition Date.  LC8 is the initial transferee of the LC8 Transfers.

58.     The LC8 Transfers constituted interests in property of the Debtor.

59.     The LC8 Transfers were made with the actual intent to hinder, delay, or defraud the Debtor's creditors.  Such intent can be inferred from, among other things, the traditional badges of fraud surrounding such transfers, namely they were made to a related entity of an insider, they were made for no consideration, and they were made while the Debtor was insolvent.

60.     As a result of the LC8 Transfers, the Debtor and its creditors have been harmed.

61.     The LC8 Transfers were made to or for the benefit of LC8.

62.     The LC8 Transfers are avoidable as fraudulent transfers and recoverable pursuant to Sections 548(a)(1)(A) and 550 of the Bankruptcy Code.

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests the following relief:

A.      That the LC8 Transfers be avoided and recovered in favor of the Trustee;

B.      That judgment be entered in favor of the Trustee, and against LC8, in an amount of not less than $237,922.00, plus interest at the legal rate, together with any costs of this action;

C.      That LC8 be directed to pay to the Trustee the sum of $237,922.00, plus interest at the legal rate from the date of the transfers; and

D.      That the Trustee be granted such other and further relief as is just and equitable.

11

## COUNT VII – AGAINST LC8
**Avoidance and Recovery of LC8 Transfers as Constructively Fraudulent Under 11 U.S.C. §§ 548 and 550 of the Bankruptcy Code**

63.     The allegations contained in paragraphs 1 through 17 are incorporated by reference as though fully set forth herein.

64.     The LC8 Transfers were made within two (2) years of the Petition Date.  LC8 is the initial transferee of the LC8 Transfers.

65.     The LC8 Transfers constituted transfers of interests in property of the Debtor.

66.     The Debtor did not receive reasonably equivalent value or fair consideration for the LC8 Transfers.

67.     When the Debtor made the LC8 Transfers it was insolvent or became insolvent as a result of the transfers, was engaged in business or transactions or was about to engage in business or transactions for which its remaining property constituted unreasonably small capital; and/or intended to incur, or believed or reasonably should have believed that it would incur, debts that would be beyond its ability to pay such debts.

68.     The LC8 Transfers were made by the Debtor to or for the benefit of LC8.

69.     The LC8 Transfers are avoidable as fraudulent transfers recoverable Sections 548(a)(1)(B) and 550 of the Bankruptcy Code.

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests the following relief:

A.     That the LC8 Transfers be avoided and recovered in favor of the Trustee;

B.     That judgment be entered in favor of the Trustee, and against LC8, in an amount of not less than $237,922.00, plus interest at the legal rate, together with any costs of this action;

C.     That LC8 be directed to pay to the Trustee the sum of $237,922.00, plus interest at the legal rate from the date of the transfers; and

12

D.      That the Trustee be granted such other and further relief as is just and equitable.

**COUNT VIII – AGAINST LC8**
**Avoidance and Recovery of LC8 Transfers as Actually Fraudulent Under**
**11 U.S.C. §§ 544 and 550 of the Bankruptcy Code and Applicable State Law**

70.      The allegations contained in paragraphs 1 through 17 are incorporated by reference as though fully set forth herein.

71.      Pursuant to Section 544(b) of the Bankruptcy Code, the Trustee has the rights of an existing unsecured creditor. Section 544(b) permits the Trustee to assert claims and causes of action that such a creditor could assert under applicable state law.

72.      The LC8 Transfers were made within three (3) years prior to the Petition Date.

73.      The LC8 Transfers constituted transfers of an interest in property of the Debtor, which are avoidable under applicable law by a creditor holding an unsecured claim that is allowable against the Debtor under Section 502 of the Bankruptcy Code.

74.      The LC8 Transfers were made with the actual intent to hinder, delay, or defraud the Debtor's creditors.  Such intent can be inferred from, among other things, the traditional badges of fraud surrounding the transfers, namely they were made to an entity related to an insider, they were made for no consideration, and they were made while the Debtor was insolvent.

75.      As a result of the LC8 Transfers, the Debtor and its creditors have been harmed.

76.      A creditor of the Debtor exists that could avoid the LC8 Transfers under applicable non-bankruptcy law.

77.      The LC8 Transfers are avoidable as fraudulent transfers and recoverable pursuant to Sections 544(b) and 550 of the Bankruptcy Code and applicable state law.

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests the following relief:

A.      That the LC8 Transfers be avoided;

13

B.      That judgment be entered in favor of the Trustee, and against the LC8, in an amount of not less than $237,922.00, plus interest at the legal rate, together with any costs of this action;

C.      That LC8 be directed to pay to the Trustee the sum of $237,922.00, plus interest at the legal rate from the date of the transfers; and

D.      That the Trustee be granted such other and further relief as is just and equitable.

**COUNT IX – AGAINST LC8**
**Avoidance and Recovery of the LC8 Transfers as Constructively Fraudulent Under 11 U.S.C. §§ 544 and 550 of the Bankruptcy Code and Applicable State Law**

78.     The allegations contained in paragraphs 1 through 17 are incorporated by reference as though fully set forth herein.

79.     Pursuant to Section 544(b) of the Bankruptcy Code, the Trustee has the rights of an existing unsecured creditor. Section 544(b) permits the Trustee to assert claims and causes of action that such a creditor could assert under applicable state law.

80.     The LC8 Transfers were made within three years prior to the Petition Date.  LC8 is the initial transferee of such transfers.

81.     The LC8 Transfers constituted transfers of interests in property of the Debtor, which are avoidable under applicable law by a creditor holding an unsecured claim that is allowable against the Debtor under Section 502 of the Bankruptcy Code.

82.     The Debtor, by making the LC8 Transfers, did not receive reasonably equivalent value, fair consideration or a fair equivalent in exchange for the transfers.

83.     When the Debtor made the LC8 Transfers, the Debtor was insolvent or became insolvent as a result of the transfers; was engaged in business or transactions or was about to engage in business or transactions for which its remaining property constituted unreasonably small capital; and/or intended to incur, or believed or reasonably should have believed that it would incur, debts that would be beyond its ability to pay such debts.

14

84.     A creditor of the Debtor exists that could avoid the LC8 Transfers under applicable non-bankruptcy law.

85.     The LC8 Transfers were made by the Debtor to or for the benefit of LC8.

86.     The LC8 Transfers are avoidable as fraudulent transfers and recoverable pursuant to Sections 544(b) and 550 of the Bankruptcy Code and applicable state law.

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests the following relief:

A.     That the LC8 3-Year Transfers be avoided and in favor of the Trustee;

B.     That judgment be entered in favor of the Trustee, and against LC8, in an amount of not less than $237,922.00, plus interest at the legal rate, together with any costs of this action;

C.     That LC8 be directed to pay to the Trustee the sum of $237,922.00, plus interest at the legal rate from the date of the transfers; and

D.     That the Trustee be granted such other and further relief as is just and equitable.

### COUNT X – AGAINST G. COREY FAUSTIN
### Recovery of Fraudulent Transfer Under 11 U.S.C. § 550 of the Bankruptcy Code

87.     The allegations contained in paragraphs 1 through 17 are incorporated by reference as though fully set forth herein.

88.     The LCMH 3-Year Transfers, the LCMH 2-Year Transfers, the LCMH 1-Year Transfers and the LC8 Transfers (collectively together, the "**Faustin Transfers**") constitute avoidable transfers.  *See* List of Transfers, attached hereto as **Exhibit A**.

89.     Mr. Faustin is the immediate or mediate transferee of the right, title and interest in the Faustin Transfers.

90.     The aggregate value of the Transfers is recoverable from Mr. Faustin pursuant to Section 550(a)(2) of the Bankruptcy Code.

15

WHEREFORE, for the foregoing reasons, the Plaintiff respectfully requests the following relief:

A.      That judgment be entered in favor of the Trustee, and against Mr. Faustin, in an amount of not less than $423,922.00, plus interest at the legal rate, together with any costs of this action;

B.      That Mr. Faustin be directed to pay to the Trustee the sum of $423,922.00, plus interest at the legal rate from the date of the transfers; and

C.      That the Trustee be granted such other and further relief as is just and equitable.

### COUNT XI – ALL DEFENDANTS
**To Disallow Claims Pursuant to 11 U.S.C. § 502(d) of the Bankruptcy Code**

91.      The allegations contained in paragraphs 1 through 17 are incorporated by reference as though fully set forth herein.

92.      LCMH was the initial transferee of the LCMH 3-Year Transfers, LCMH 2-Year Transfers, and the LCMH 1-Year Transfers.

93.      LC8 was the initial transferee of the LC8 Transfers.

94.      Mr. Faustin was the immediate or mediate transferee of the Faustin Transfers.

95.      Pursuant to Section 502(d) of the Bankruptcy Code, all claims of any Defendants against the Debtor must be disallowed until such time as the Defendants pay to the Trustee the aggregate amount of all avoidable and recoverable transfers, plus interest and costs.

96.      Accordingly, all claims of LCMH, LC8 and Mr. Faustin against the Debtor must be disallowed until such time as the Defendants pay such respective aggregate amounts to the Trustee, plus interest and costs.

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests the following relief:

A.      That all claims against the Debtor of LCMH, LC8 and Mr. Faustin be disallowed pursuant to Section 502(d) of the Bankruptcy Code;

B.      That the Trustee be granted such other and further relief as is just and equitable.

Dated: February 24, 2026

/s/ *Richard M. Goldberg*
Richard M. Goldberg, Bar No. 07994
Daniel J. Zeller, Fed. Bar No. 28107
SHAPIRO SHER GUINOT & SANDLER
250 W. Pratt Street, Suite 2000
Baltimore, Maryland 21201
Tel: 410-385-4274
Fax: 410-539-7611
Email: rmg@shapirosher.com
        djz@shapirosher.com

*Bankruptcy Counsel to Morgan W. Fisher,*
*Chapter 7 Trustee*