**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

|  |  |  |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| | ) | **Case No. 24-11528-DER** |
| **PROVIZOR FEDERAL, INC.,** | ) | **Chapter 7** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |

**TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE OF CONTROVERSY**
**PURSUANT TO FED. R. BANKR. P. 9019 WITH ARC CONSULTING, LLC**

Morgan Fisher, Chapter 7 Trustee Chapter 7 Trustee for Provizor Federal, Inc. (the "**Trustee**"), moves pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, for entry of an order approving a settlement with ARC Consulting, LLC ("**ARC**"), files this Motion for Approval of Compromise of Controversy Pursuant to Fed. R. Bankr. P. 9019 ("**Motion**"), and states as follows:

**Jurisdiction and Venue**

1.     The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this Chapter 11 case in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

2.     The predicates for the requested relief are Section 105(a) of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, and Fed. R. Bankr. P. 9019.

**Background**

3.     On February 26, 2024 (the "**Petition Date**"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. On May 16, 2024 (the "**Conversion Date**"), the Court entered an order converting the Debtor's case to Chapter 7, and thereafter the Trustee was appointed as representative of the Debtor's estate.

4. On February 28, 2025, ARC filed a Request for Allowance of Administrative Claim in Accordance with Order Authorizing the Debtor to Employ Professionals Utilized in the Ordinary Court (the "**Admin Claim Motion**") [ECF No. 411]. Pursuant to the Admin Claim Motion, ARC seeks an administrative claim in the amount of $72,837.28, for the services provided[1] to the Debtor during the Chapter 11 case. The Trustee timely filed his Objection [ECF No. 415, March 27, 2025] and Loyal Source Government Services, LLC filed an Objection [ECF No. 416, March 28, 2025].

### The Settlement

5. The Trustee and ARC have conferred in good faith and at arm's length regarding the Admin Claim Motion and have reached the compromise as memorialized in the attached consent order (the "**Consent Order**"). In full and final satisfaction of the amounts sought in the Admin Claim Motion or in any proof of claim filed by ARC, the Trustee will agree that ARC will have an allowed Chapter 11 administrative claim of $40,000.00. The settlement resolves, on amicable terms, litigation which would undoubtedly be both costly and time consuming, and disproportionate in expense to the matters at hand. Loyal Source Government Services, LLC does not oppose this settlement.

### Relief Requested

6. By this Motion, the Trustee seeks the entry of the Consent Order approving the settlement, authorizing the Trustee to enter into the settlement, and authorizing the Trustee to take other necessary actions to effectuate the settlement as provided for herein.

---

[1] The services consisted of those provided by Mr. Reaves as outsourced CFO, along with two other individuals serving as Controller and HR Specialist.

2

7. Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order . . . necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." In turn, Rule 9019(a) provides that: "On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Compromises and settlements are "'a normal part of the process of reorganization.'" *Protective Comm. For Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968) (quoting *Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)).

8. The decision whether to approve a compromise under Rule 9019 is committed to the discretion of the Court, which must determine if the compromise or settlement is fair and equitable. *See In re Frye*, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997); *In re Marvel Entertainment Group, Inc.*, 222 B.R. 243 (D. Del. 1998). The Court is not required to conduct a "mini-trial" of the underlying case, but instead must only decide whether the Settlement proposed falls "below the lowest point in the range of reasonableness." *In re Austin*, 186 B.R. 397, 400 (Bankr. E.D. Va. 1995) (citations omitted); *see also In re Jasmine, Ltd.*, 258 B.R. 119, 123 (D.N.J. 2000).

9. Factors the Court should consider when evaluating a settlement under Bankruptcy Rule 9019 include: (i) the probability of success in the litigation; (ii) the complexity, expense and likely duration of the litigation; (iii) all other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise, including potential difficulties in collection, if any; and (iv) whether the proposed compromise is fair and equitable to the debtor, its creditors, and other parties in interest. *See Protective Comm. for Indep. Stockholders*, 390 U.S. at 424; *In re Frye*, 216 B.R. at 174; *In re Austin*, 186 B.R. at 400; *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996) (stating that "[t]o minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy" and citing criteria set forth above in determination of

3

reasonableness of particular settlements) (internal quotation marks and citation omitted); *Official Committee of Unsecured Creditors v. White Plains Joint Venture*, 1994 U.S. App. LEXIS 1282, at *10 (4th Cir. Jan. 26, 1994) (compromises are favored in bankruptcy).

10.     Basic to the process of evaluating proposed settlements, then, is "the need to compare the terms of the compromise with the likely rewards of litigation." *TMT Trailer Ferry*, 390 U.S. at 425.  But, "the settlement may be approved even if the court finds it likely that the trustee would ultimately succeed in the litigation." *In re Austin*, 186 B.R. at 400.

11.     The settlement here is reasonable.  While ARC did not maintain contemporaneous detailed time entries, ARC was employed by, and did perform work for, the Chapter 11 estate, and likely would receive some amount of administrative claim.  The likely payout to Chapter 11 administrative claimants is minimal.  Given the estate's resources, the settlement is appropriate as it prevents the accrual of further discovery and litigation expenses, which would be sizable in proportion to the amount at issue.

WHEREFORE, the Trustee respectfully requests that this Court enter a Consent Order approving the settlement, and granting such other relief as is just and appropriate under the circumstances.

Dated: August 5, 2026

Respectfully submitted

*/s/ Richard M. Goldberg*
Richard M. Goldberg, Fed. Bar No. 07994
Daniel J. Zeller, Fed. Bar No. 28107
SHAPIRO SHER GUINOT & SANDLER
250 W. Pratt Street, Suite 2000
Baltimore, Maryland 21201
Tel: 410-385-4274
Fax: 410-539-7611
Email: rmg@shapirosher.com
        djz@shapirosher.com

**Counsel to Plaintiff Morgan W. Fisher,
Chapter 7 Trustee**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 5th day of August, 2026, I reviewed the Court'

CM/ECF system and it reports that an electronic copy of the foregoing Motion, Notice and

Proposed Order will be served electronically by the Court's CM/ECF system on the following:

**Hugh M. (UST) Bernstein** hugh.m.bernstein@usdoj.gov
**Aaron L. Casagrande** Aaron.casagrande@Icemiller.com
**Addison J. Chappell** achappell@milesstockbridge.com
**Robert Paul Charbonneau** rpc@agentislaw.com,
bankruptcy@agentislaw.com;nsocorro@agentislaw.com
**Michael Collins** collins@councilbaradel.com
**Strider Dickson** sdickson@mdswlaw.com
**John Fitzgerald Dougherty** jdougherty@kg-law.com
**Justin Philip Fasano** jfasano@mhlawyers.com,
jfasano@ecf.courtdrive.com;tmackey@mhlawyers.com;mevans@mhlawyers.com;cmarti
n@mhlawyers.com;Fasano.JustinR92003@notify.bestcase.com
**Morgan W. Fisher** trustee@morganfisherlaw.com,
MD65@ecfcbis.com;fisher@premierremote.com
**Jonathan Lawrence Gold** jgold@baileyglasser.com, sbrogi@dickinson-wright.com
**Richard J Hackerman** Richard@RichardHackerman.com,
6923530420@filings.docketbird.com;Hackerman.RichardR106256@notify.bestcase.com
**Catherine Keller Hopkin** chopkin@yvslaw.com,
pgomez@yvslaw.com;kreese@yvslaw.com;vmichaelides@yvslaw.com;yvslawcmecf@g
mail.com;hopkincr39990@notify.bestcase.com
**Kevin G. Hroblak** kevin.hroblak@icemiller.com, madelin.hill@icemiller.com
**Martinis Montrelle Jackson** martinis.jackson@jlegalservices.com
**Patricia B. Jefferson** pjefferson@milesstockbridge.com
**Bradley David Jones** brad.jones@stinson.com
**Shelby Kostolni** shelby.kostolni@stinson.com
**Lauren Lake** llake@gfrlaw.com, alazo@gfrlaw.com
**Jung Yong Lee** jlee@milesstockbridge.com, mhickman@tydings.com
**Jean Evelyn Lewis** jlewis@kg-law.com, swisthoff@kg-law.com
**Stephen A. Metz** smetz@offitkurman.com, mmargulies@offitkurman.com
**David Simson Musgrave** dmusgrave@gfrlaw.com, jojones@gfrlaw.com
**David J. Shuster** dshuster@kg-law.com, ssohn@kg-law.com
**Lisa Yonka Stevens** lstevens@milesstockbridge.com
**Paul Sweeney** psweeney@yvslaw.com,
jbeckman@yvslaw.com;pgomez@yvslaw.com;cadams@yvslaw.com;sweeneypr39990@
notify.bestcase.com;r39990@notify.bestcase.com;vmichaelides@yvslaw.com
**US Trustee - Baltimore** USTPRegion04.BA.ECF@USDOJ.GOV

*/s/ Richard M. Goldberg*
Richard M. Goldberg

6